THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: July 17, 2017



Susan V. Kelley
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re
Tenita L. Carr,
        Debtor.

Chapter 13

Case No. 13-23818

**DECISION AND ORDER AUTHORIZING PAYMENT TO DEBTOR
OF UNDISTRIBUTED PLAN PAYMENTS**

      The issue is what happens to plan payments in the hands of the Chapter 13 trustee when a case is dismissed. The Trustee is holding $2,084.23 in this dismissed case and argues that the funds should be paid to the creditors. The Debtor contends that the Trustee should return the funds to the Debtor. There are two lines of authority, both interpreting two Bankruptcy Code provisions. *See, e.g., In re Edwards*, 538 B.R. 536, 540-41 (Bankr. S.D. Ill. 2015). The first is Bankruptcy Code § 1326(a)(2), stating that "If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable." The second is § 349(b)(3), providing that one effect of dismissal is to revest property of the estate in the entity in which such property was vested immediately before the case was filed.

      *In re Parrish*, 275 B.R. 424 (Bankr. D.D.C. 2002) supports the Trustee's position. According to *Parrish*, §§ 1326(a)(2) and 349 should be read together, meaning that § 349 revests funds in the debtor (or other party) subject to the restriction in § 1326(a)(2). "Section 1326(a)(2) simply requires the trustee to make distributions of those funds according to the confirmed plan,

both before and after dismissal, regardless of the entity in whom title is vested." *Id.* at 427. Moreover, although § 349(b)(2) provides that dismissal vacates certain orders, an order confirming a Chapter 13 plan is not among the orders listed. According to *Parrish*, this is "additional evidence" that § 349 does not "terminat[e] the statutory commands" that the trustee distribute funds according to the plan. *Id.* Although focusing on the statutory analysis, the court also reasoned that nothing in the Bankruptcy Code suggested dismissal "undoes the confirmed plan with respect to past payments" the trustee is holding. *Id.* at 433. From a policy perspective, the court reasoned "[t]he debtor should not have both the benefit of creditors' enforced collection rights having been stayed by reason of a confirmed plan, and the right to receive undisbursed plan funds on dismissal." *Id.*

Other courts view *Parrish*'s reading of § 1326(a)(2) as overly narrow. Section 1326 begins by requiring the debtor to start making plan payments to the trustee within 30 days. 11 U.S.C. § 1326(a)(1)(A). Section 1326(a)(2), the provision on which *Parrish* relies, states that these payments

> shall be retained by the trustee until confirmation or denial of confirmation. <u>If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable</u>. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).

[Emphasis added.] In context, then, "the directive in the second sentence [is limited] to payments made by the debtor to the trustee prior to the confirmation of the plan." *Williams v. Marshall*, 526 B.R. 695, 697 (N.D. Ill. 2014). In other words, the language on which *Parrish* relies simply tells the Trustee what to do once the plan is confirmed, that is, promptly distribute funds according to the plan terms.

2

Other trustees have attempted to rely on § 1326(c) to support the position that they should distribute funds to creditors in accordance with the terms of a confirmed plan. That section provides, "Except as otherwise provided in the plan or in the order confirming the plan, the trustee shall make payments to creditors under the plan." However, courts reason that this section only addresses who should act as the disbursing agent, not how funds should be distributed on dismissal of a case in which the court has confirmed a plan. *E.g., Marshall*, 526 B.R. at 698; *see In re Nash*, 765 F.2d 1410, 1413 n.1 (9th Cir. 1985). Even the *Parrish* court agreed with this view. *See* 275 B.R. at 428 n.4. Accordingly, the majority of courts conclude that § 1326 does not provide instruction as to how funds should be distributed on dismissal after a plan has been confirmed.

These courts turn to § 349, which governs the effect of dismissal. Section 349(b)(3) provides that unless the court, for cause, orders otherwise, dismissal "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." According to one court, "[t]he scope of § 349(b) is broad, and serves to undo the bankruptcy case to the extent possible—to put all parties in the positions they were in before the case was filed." *In re Hamilton*, 493 B.R. 31, 38 (Bankr. M.D. Tenn. 2013). The language of § 349(b)(3) is not ambiguous. In a Chapter 13 case, property of the estate includes the debtor's post-petition earnings under § 1306, and there is no exception in § 349(b)(3) for post-petition earnings that are in the hands of the trustee. *Id.* at 38-40. "Sections 541(a), 1306(a) and 349(b)(3) comprehensively answer the question in this case: Unless the court orders otherwise, postpetition earnings are property of the Chapter 13 estate that vest in the debtor at dismissal." *Id.* at 39.

3

*Hamilton* also addresses an argument that trust law vests rights to the funds the trustee is holding in creditors. The court rejected this argument on the basis that even if there were trust features to

> funds held by the Chapter 13 trustee pending distribution under a confirmed plan, federal law directs that those funds vest at dismissal in the only entity that could claim entitlement to those future earnings at the petition—the debtors whose personal services would earn the wages that § 1306(a) captures for the Chapter 13 estate.

*Id.* at 40. The Supreme Court also rejected this argument in *Harris v. Viegelahn*, 135 S. Ct. 1829, 1839 (2015), when it held that a debtor's post-petition wages held by the Chapter 13 trustee must be returned to the debtor when the Chapter 13 case converts to Chapter 7: "Nor can we credit the suggestion that a confirmed Chapter 13 plan gives creditors a vested right to funds held by a trustee. '[N]o provision in the Bankruptcy Code classifies any property, including post-petition wages, as belonging to creditors.'" (quoting *In re Michael*, 699 F.3d 305, 312-13 (3d Cir. 2012)).

The view represented by *Parrish* is even less persuasive in light of *Harris*. *Parrish* analogized the dismissal of a Chapter 13 case after a plan is confirmed to a conversion from Chapter 13 to Chapter 7, determining that the better view was that on conversion, the Chapter 13 trustee was to distribute the funds the trustee held to creditors according to the plan. The court reasoned that the result ought to be the same in cases of conversion and dismissal. *Parrish*, 275 B.R. at 430. But according to the Supreme Court in *Harris*, the premise that funds should be distributed to creditors on conversion to Chapter 7 is incorrect. To the extent the outcome ought to be the same on dismissal after confirmation and on conversion to Chapter 7, the holding in *Harris* supports the Debtor's position.

In sum, the more persuasive reasoning is that § 1326 does not provide direction on the distribution of post-confirmation plan payments on dismissal. Section 349(b) controls the

4

question by providing that property of the estate – including postpetition plan payments – vests in the Debtor on dismissal.  Accordingly, the Trustee should disburse the funds held in this case to the Debtor.

IT IS THEREFORE ORDERED:  the Debtor's motion for turnover of funds held by the Trustee is granted.

#####